IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SHAWN KEVIN SMAAGE,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER; TIM FOX,<br><br>Respondents. | Cause No. CV 20-12-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Shawn Kevin Smaage's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.  Smaage has previously filed a petition with this Court challenging the Persistent Felony Offender (PFO) sentence he is serving for a felony DUI conviction.  See, *Smaage v. Fender*, No. CV 17-62-H-DLC, Or. (D. Mont. Nov. 28, 2017)(dismissing petition because claim not cognizable in federal habeas).

But Smaage contends the present petition warrants consideration because he recently discovered that he was unjustly charged and convicted of a DUI on September 22, 1986.  Based upon this infirm conviction, Smaage believes his current sentence has been unlawfully enhanced.  (Doc. 1 at 1, 5).  Additionally,

1

Smaage contends that a DUI conviction he received in July of 1982, should not be used against him because he was under the age of 21 at the time of the offense, alternatively, he asserts this prior conviction should have been expunged from his record. *Id*. at 5-6. Thus, Smaage argues he should not have been charged with multiple felony DUI's and, accordingly, he is not a PFO under Montana state law. *Id*. at 7-11. Smaage asks this Court to correct the clerical error that occurred in relation to his 9/22/86 DUI conviction and remand his cases back to the appropriate counties for resentencing without consideration of the PFO designation. *Id*. at 11.

## I. Motion to Proceed in Forma Pauperis

Smaage moves to proceed in forma pauperis. (Doc. 2). Review of the motion and supporting account statement establishes that Smaage can afford to pay the costs that may be associated with this action. But because there is no reason to delay this matter further, the motion will be granted.

## II. Second or Successive Petition

In his previous habeas petition, Smaage also challenged both his PFO designation and the sentence he is currently serving, arguing the conviction was not authorized by state statute and, therefore, the underlying judgment of conviction was void. See, *Smaage v. Fender*, No. CV 17-62-H-DLC, Pet. (filed May 25, 2017). This Court lacks jurisdiction to hear a second petition unless

Smaage first obtains authorization from the Court of Appeals to file a second habeas petition in this Court.  28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).  To the extent Smaage makes new arguments in his new petition, he may attempt to present those arguments to the Court of Appeals.  As it stands, his new petition is an unauthorized second petition and must be dismissed for lack of jurisdiction.  *Burton*, 549 U.S. at 149.

If Smaage believes that the purported basis of his new petition, specifically that it rests upon allegedly newly discovered evidence, relieves him of the second or successive bar, he is mistaken.  This Court must dismiss any claim which was presented in a prior habeas petition.  28 U.S.C. § 2244(b)(1).  A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence.  28 U.S.C. § 2244(b)(2).  Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition.  28 U.S.C. § 2244(b)(3).  Smaage is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition.  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

Until Smaage obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court has no jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

Based upon the foregoing, the Court enters the following:

### ORDER

Mr. Smaage's Motion to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**. The Clerk of Court is directed to waive payment of the filing fee.

## RECOMMENDATION

1. Mr. Smaage's Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Smaage may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Smaage must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 11th day of February, 2020.

                                        */s/ John Johnston*
                                        John Johnston
                                        United States Magistrate Judge