IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SHAWN KEVIN SMAAGE,<br><br>                      Petitioner,<br><br>vs.<br><br>LYNN GUYER; TIM FOX,<br><br>                      Respondents. | CV 20–12–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston issued his Findings and Recommendations in this case on February 11, 2020, recommending that the Court: (1) dismiss Petitioner Shawn Kevin Smaage's Petition for Writ of Habeas Corpus, brought pursuant to 28 U.S.C. § 2254; and (2) deny a certificate of appealability. (Doc. 4.) Smaage timely filed objections to the Findings and Recommendations. (Doc. 5.) Consequently, Smaage is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake

-1-

has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge Johnston recommended that the Court dismiss Smaage's petition for lack of jurisdiction. Smaage previously filed a federal habeas petition, which was dismissed on the grounds that Smaage alleged only violations of state law. *See Smaage v. Fender*, No. 6:17-cv-62-DLC-JTJ. Thus, the present filing is a "second or successive" petition, and Smaage did not first move in the Ninth Circuit Court for leave to file his petition. 28 U.S.C. § 2244(b)(3)(A). Judge Johnston therefore concluded that the Court lacks jurisdiction over the present petition. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curium).

Smaage objects, arguing that he is actually innocent of the offense of conviction. (Doc. 5.) Reviewing de novo, the Court adopts the recommendation. Actual innocence can be a reason to consider a second or successive petition, but a petitioner still must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Court also determines that Smaage is not entitled to a certificate of appealability. Reasonable jurists could not disagree with the Court's procedural ruling. 28 U.S.C. § 2253(c).

Reviewing the remaining portions of Judge Johnston's Findings and Recommendation for clear error and finding none,

IT IS ORDERED:

(1) Judge Johnston's Findings and Recommendations (Doc. 4) is ADOPTED;

(2) Smaage's Petition (Doc. 1) is DISMISSED for lack of jurisdiction;

(3) A certificate of appealability is DENIED; and

(4) The Clerk of Court shall enter judgment of dismissal by separate document.

DATED this 20th day of April, 2020.

_____
Dana L. Christensen, District Judge
United States District Court